**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ANNE CATHERINE AKERS,

    Petitioner,

    v.

WARDEN,

    Respondent.

Civil Action No. PX-23-502

**MEMORANDUM ORDER**

Anne Catherine Akers petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging her confinement conditions. She also asks this Court to adjudicate her pending state criminal matter and review state child custody determinations. ECF Nos. 1 & 1-1. Akers has been found incompetent to stand trial and is currently committed to the Clifton T. Perkins Hospital ("Perkins") while she awaits a subsequent competency hearing. ECF No. 1 at 14.[1]

This Petition describes that in March 2021, Akers was arrested after she and her minor daughter had been found injured and locked in a bedroom. ECF No. 1 at 2. Akers initially was detained at the Montgomery County Correctional Facility where she avers generally that her constitutional rights have been violated. *Id*. at 3. Akers makes similar claims against the staff at Perkins as having abused her, failed to keep her safe, falsified records, and discriminated against her. *Id.* at 16-33. The Petition also takes issue with the state court's decision to award custody of Akers' minor child to the father. *Id*. at 4-8. Akers maintains that she had been denied effective

---

[1] *See State v. Akers*, Circuit Court for Montgomery Cty., Case No. 138420C https://casesearch.courts.state.md.us/casesearch/ (last visited 6/14/23).

assistance of counsel during those proceedings and asks this Court to "reverse the [custody] decision." *Id*. at 14.

A § 2241 petition challenging the conditions of pretrial detention is available only after the petitioner has exhausted state court remedies and demonstrated the existence of special circumstances to justify federal court intervention. *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). The petitioner may exhaust her claims by fairly presenting both the operative facts and controlling legal principles to the state courts prior to filing federal suit. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial on the merits or by other available state procedures. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973).

While committed to a mental health facility such as Perkins, Akers maintains the right under Maryland law to file a state petition for writ of habeas corpus with the Circuit Court for the county where the petitioner resides or where the facility is located. *See* Md. Code Ann., Health Gen., § 10-804; *see also* Md. Code Ann., Cts & Jud. Proc. § 3-704. Also, Akers may appeal any incompetency determination. *See Jolley v. State*, 384 A.2d 91, 94 (Md. 1978). Akers does not appear to have pursued any state avenues for relief or shown that special circumstances exist to justify this Court's intervention to protect her constitutional rights. *Cf. Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971). Accordingly, her habeas petition shall be dismissed without prejudice.

As to Akers' request to remove the State criminal proceedings to federal court, 28 U.S.C. § 1443 permits removal of a state criminal prosecution in two limited circumstances:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.  "If the removing party fails to make a proper showing under § 1443, this Court lacks subject matter jurisdiction to hear the case." *Commonwealth of Virginia v. El*, 2016 WL 3746376, at *2 (E.D. Va. July 12, 2016).

To remove a state criminal proceeding to federal court pursuant to § 1443(1), "it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).  Further, the removal petitioner must show she has been "denied or cannot enforce the specified federal rights in the courts of (the) State." *Id*. (internal quotation marks omitted).  The latter requirement is demonstrated where the "denial [is] manifest in a formal expression of state law," "such as a state legislative or constitutional provision, rather than a denial first made manifest at the trial of the case." *Id.* (quoting *Rachel*, 384 U.S. at 799).  *See also City of Greenwood v. Peacock*, 384 U.S. 808, 827 (1966).  In short, removal is reserved for the "rare situation where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *City of Greenwood,* 384 U.S. at 827-828.  Akers fails to make the proper showing under either provision of the removal statute.  Thus, the request is denied.

3

As to Akers' custody proceedings, under "the domestic relations exception" to this Court's jurisdiction, this Court lacks the power to adjudicate child custody matters. *Ankenbrandt v. Richards*, 504 U.S. 689, 703-04 (1992) ("as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals . . . in handling issues that arise in the granting of such decrees"); *Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006) (citing *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980) (noting federal courts "generally abstain from child custody matters"). Similarly, the Court's mandamus authority under 28 U.S.C. § 1361 extends only to federal, not state, actors. *Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969). *See South Carolina v. United States*, 907 F.3d 742, 754-55 (4th Cir. 2018) (discussing requirements for mandamus relief to issue). Thus, the Court lacks jurisdiction to review Akers' custody proceedings.

Finally, to the extent Akers wishes to pursue claims against defendants whom she believes have violated her constitutional rights at either the Montgomery County Correctional Facility or Perkins, she may file a separate civil rights complaint pursuant to 42 U.S.C. § 1983. "Challenges to the conditions of confinement are not properly the subject of a § 2241 petition," and should instead be pursued through a § 1983 complaint. *Rodriguez v. Ratledge*, 715 F. App'x 261, 266 (4th Cir. 2017).

Accordingly, for the reasons discussed, the Court dismisses without prejudice the Petition. To the extent Akers claims are cognizable in a § 2241 petition, the Court declines to issue a certificate of appealability. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), or that "the issues presented are adequate to deserve encouragement to proceed further*," Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  If the District Court dismisses the petition on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the District Court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Akers has not made the requisite showing and so the Court declines to issue a certificate of appealability. However, Akers may ask the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

Based on the foregoing, it is this 28th day of June 2023, by the United States District Court for the District of Maryland, hereby ORDERED that:

1.      The Petition for Writ of Habeas Corpus IS DISMISSED without prejudice;

2.      A Certificate of Appealability shall not issue;

3.      The Clerk shall PROVIDE a copy of this Order to Akers; and

4.      CLOSE this case.

/S/

_____

Paula Xinis
United States District Judge